UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JUDITH REED BEEMAN A/K/A JUDY BEEMAN, <br><br> Plaintiff, <br><br> v. <br><br> ENTERGY TEXAS INC. D/B/A ENTERGY, <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 1:21-cv-00065 <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes JUDITH REED BEEMAN A/K/A JUDY BEEMAN ("Plaintiff"), by and through her attorney, WAJDA & ASSOCIATES, PC, complaining as to the conduct of ENTERGY TEXAS, INC. D/B/A/ ENTERGY, ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collections Practices Act, ("FDCPA") under 15 U.S.C. §1692 *et seq.,* and the Texas Debt Collection Practices Act, ("TDCP") pursuant to Texas Finance Code Chapter 392 *et seq.,* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Western District of Texas and a substantial portion of the events or omissions giving rise to the claims occurred within the Western District of Texas.

## PARTIES

4. Plaintiff, is an adult female consumer presently residing within Travis County, Texas, which is located within the Western District of Texas.

5. Plaintiff is a natural "person" as defined by 47 U.S.C. §153(39).

6. Defendant is an electric power and distribution company and a wholly-owned subsidiary of Entergy, Corporation, a Fortune 500 integrated company primarily engaged in electric power production and retail distribution operations in the deep South of the United States. Defendant's main office is located at 10055 Grogans Mill Road, The Woodlands, Texas, which is located in Harris County, Texas.

7. Defendant is regularly engages in the collection of debts as principal component of its business.

8. Defendant is a "person" as defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, representatives and insurers at all times relevant to the instant action.

10. Plaintiff reserves the right to amend the Complaint should pertinent facts become known at a later time.

## FACTS SUPPORTING CAUSES OF ACTION

11. The instant action arises out of Defendant's attempts to collect upon an alleged outstanding consumer debt obligation, which Defendant claims is owed by the Plaintiff.

12. The subject consumer debt stems from a utility contract allegedly entered into by the parties for electricity services at 9971 Elder Street Willis, Texas in or prior to 2019.

13. Plaintiff does not presently reside at this address.

14. According to Defendant's records, a payment was last made on the alleged account in December of 2019.

15. Due to exceedingly unmanageable financial obligations, on August 24, 2020 Plaintiff filed for Chapter 7 bankruptcy protection in the United States Bankruptcy Court for the Western District of Texas under docket number 20-10937.

16. Defendant was listed on the creditor's matrix of the case and the alleged debt was listed as an unsecured obligation on Schedule E/F as claim number 4.6 of Plaintiff's bankruptcy petition filed with the court.

17. Despite the filing of the bankruptcy case and the imposition of the bankruptcy automatic stay, Defendant continued to send dunning letters and statements directly to the Plaintiff in the furtherance of the collection of this debt.

18. As Defendant continued in its illegal attempts to collect this alleged debt, Defendant was constructively and actually aware of Plaintiff's bankruptcy filing through either or both, Plaintiff's direct advices to Defendant and/or actual notices received from the bankruptcy court.

19. Further, on November 24, 2020, Plaintiff's counsel emailed a CEASE AND DESIST demand letter to Defendant advising them their actions were in violation of the law and to stop in their attempts to further collect on this alleged debt.

20. Defendant ignored Plaintiff's demand to stop in their attempts to collect this debt from her.

21. On November 27, 2020, the Bankruptcy Court issued Plaintiff an Order of Discharge, thereby relieving her of any personal liability with regard to the repayment of unsecured debts.

22. The court closed the bankruptcy case on November 30, 2020.

23. Still Defendant continued to disregard the bankruptcy filing, the advices of Plaintiff, the Cease and Desist demand from counsel, and the discharge notice itself and attempted to collect this debt, which Plaintiff nor longer had any legal obligation to repay.

24. On November 26, 2020, Defendant sent another email demand for payment directly to Plaintiff stating her bill was overdue and continued add interest to the debt amount.

25. On December 14, 2020, Defendant sent another email demand for payment directly to Plaintiff stating her bill was overdue and continued add interest to the debt amount.

26. Defendant, upon information and belief, purposefully, intentionally, wantonly and/or negligently violated the Bankruptcy Court's Automatic Stay prohibition and Discharge Order of the Court in its further attempts to collect a debt from Plaintiff, which by law, Plaintiff no longer had any legal obligation to repay.

27. Defendant, upon information and belief, purposefully, intentionally, wantonly and/or negligently violated Plaintiff's protected consumer rights.

28. Defendant's actions, upon information and belief, were intentional, as it attempted to deceive Plaintiff into believing Defendant was legally authorized to collect such a debt from Plaintiff, when it was not.

29. Defendant's actions, regardless of intent, were deceptive, unfair, misleading, harmful and inappropriate.

30. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, confusion and aggravation.

31. Defendant's misleading and deceptive conduct materially impacted and shaped Plaintiff's reactions and course of conduct in response to Defendant's collection efforts.

32. Plaintiff has suffered actual financial loss from the unlawful conduct of Defendant, including being assessed interest and/or fees, thus unnecessarily expending costs and assets in dealing with Defendant's conduct.

33. Plaintiff has also suffered mental anguish, pain and suffering as result of the Defendant's conduct.

34. Plaintiff has further been unnecessarily confused and concerned given Defendant's violations of law, and have further suffered a violation of their state and federally protected substantive interests as a result of Defendant's conduct.

35. Finally, Plaintiff believes Defendant's conduct and collection tactics may be part of a scheme or practice to deceive and harm other consumers similarly situated as themselves.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

36. Plaintiff repeats and alleges paragraphs 1 through 35 as though fully set forth herein.

37. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

38. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent accounts, including consumer accounts.

39. Defendant, as part of its regular business, as a wholly-owned subsidiary engages in the collection or attempts to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others, and debt collection is a primary aspect of its business.

40. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of an obligation for money, goods, insurance, or services for primary personal, family, or household purposes.

### a. Violations of the FDCPA §§ 1692c(a)(2), 1692e(2), 1692e(10), and 1692f(1)

41. The FDCPA, pursuant to 15 U.S.C. §1692c(a)(2), prohibits a debt collector from directly contacting a consumer after it knows the consumer to be represented by an attorney.

42. Defendant violated 15 U.S.C. §1692c(a)(2) by continuing to send demands for payment directly to Plaintiff after it received the November 24, 2020 Cease and Desist letter from Plaintiff's attorney.

43. The FDCPA, pursuant to 15 U.S.C. §1692e(2), prohibits a debt collector from making representations that are false and misleading as to the character, amount or legal status of an alleged debt.

44. Defendant violated 15 U.S.C. §1692e(2) by sending collection demands directly to Plaintiff on November 26, 2020 and December 14, 2020 claiming her payments were overdue, when Plaintiff no longer had any legal obligation to repay the debt.

45. In addition, 15 U.S.C.§1692e(10), prohibits a debt collector from using any false representation or deceptive means to collect or attempt to collect any debtor to obtain information concerning a consumer.

46. Defendant violated 15 U.S.C. §1692e(10), by continuing to further collect this debt when it knew or should have known it had no legal right to do so.

47. Further, pursuant to 15 U.S.C. §1692f(1), the FDCPA prohibits a debt collector from attempting to collect any amount not authorized by the agreement creating the debt or permitted by law.

48. Defendant violated 15 U.S.C. §1692f(1), when it continued in the attempts to collect on a debt that was protected by the provisions of the bankruptcy automatic stay and by the issuance of the bankruptcy discharge order thereby relieving Plaintiff of her personal liability to repay the unsecured debt.

49. Defendant violated Plaintiff's statutorily provided rights and engaged in conduct in direct violation of the FDCPA per Fifth Circuit precedent.

WHEREFORE, Plaintiff JUDITH REED BEEMAN A/K/A JUDY BEEMAN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 to be paid by Defendant as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff costs and reasonable attorney fees to be paid by Defendant as provided under 15 U.S.C. §1692k(a)(3);

d. Enjoining Defendant from further contacting Plaintiff or engaging in any further attempts to collect on this judgment debt; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### **COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTIONS PRACTICES ACT**

50. Plaintiffs restate and reallege paragraphs 1 through 49 as though fully set forth herein.

51. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

52. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6).

53. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

### a. Violations of TDCA § 392.304

54. The TDCA, pursuant to Tex. Fin. Code. § 392.304(8) prohibits a debt collector from "misrepresenting the character, extent, or amount of a consumer debt or misrepresenting a consumer's debt status in a judicial or governmental proceeding."

55. Defendant violated § 392.304(8), by misrepresenting the underlying debt as being overdue and owed by the Plaintiff when it was not and Defendant had no legal right to attempt to collect.

56. The TDCA, pursuant to Tex. Fin. Code. § 392.304(19), prohibits a debt collector from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

57. Defendant violated § 392.304(19), by attempting to collect a debt, which was protected by the bankruptcy automatic stay and subsequently subject to the court's Order of Discharge, thus were prohibited from collecting any such debt.

### b. Violations of TDCA § 392.303

58. The TDCA, pursuant to Tex. Fin. Code. § 392.303(2) prohibits a debt collector from "collecting or attempting to collect interest or a charge, fee, or expense incidental to the obligation unless the interest or incidental charge, fee, or expense is expressly authorized by the agreement creating the obligation or legally chargeable to the consumer."

59. The underlying debt was an unsecured debt.

60. The automatic stay and the subsequent Order of Discharge prevented Defendant from any further collection on the alleged debt after August 24, 2020.

61. Defendant's illegal demand notices evidenced interest was being accrued on the account, despite the fact Defendant was not legally entitled to collect on the debt.

62. Defendants violated § 392.303(2) by attempting to collect fees, interest and/or costs that were never legally chargeable to the Plaintiffs.

WHEREFORE, Plaintiff JUDITH REED BEEMAN A/K/A JUDY BEEMAN, respectfully request this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiffs to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c. Awarding Plaintiffs actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d. Awarding Plaintiffs punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b); and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: January 21, 2021

Respectfully submitted,

s/ Nicholas C. Wajda  (Lead Attorney)
Nicholas C. Wajda, Esq. #24106757
Counsel for Plaintiffs
Admitted in the Western District of Texas
Wajda & Associates, PC
10000 North Central Expressway, Suite 400
Dallas, Texas 75231
(888) 297-6203
 (phone)
(866) 286-8433 (fax)
nick@wajdalawgroup.com